**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER GLADDEN, | Case No. 1:21-cv-165 |
| Plaintiff, | |
| | McFarland, J. |
| vs. | Bowman, M.J. |
| FACEBOOK, *et al.*, | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action against Facebook and Mark Zuckerberg ("Defendants") alleging that unnamed third parties have posted negative comments about him on a group page hosted on the Facebook platform. According to the Complaint, some of these third parties have taken their harassment offline and have gone so far as to follow Plaintiff to his place of residence and work where they have "yell[ed] out of their car windows, blown their car horns, and shot[] off rounds from guns." (Compl. at 2, Doc. 4). Plaintiff seeks $250,000 in damages.

On March 16, 2021, the Defendants filed a Motion to Dismiss Plaintiff's Complaint (Doc. 5). Defendants' motion, if granted, would be dispositive of all of Plaintiff's claims against the Defendants. Plaintiff did not timely respond to the motion. Thereafter, on April 13, 2021 the Court Ordered Plaintiff to Show Cause, in writing on or before May 6, 2021, why Defendants' motion to dismiss (Doc. 5) should not be construed as unopposed and granted for the reasons stated. The Court also noted that Plaintiff may also satisfy the requirements of this Order by filing a responsive memorandum to Defendants' motion by the May 6, 2021 deadline.

On April 13, 2021 Plaintiff filed a response to the Show Cause Order. (Doc. 7). Upon review of Plaintiff's response, the Court found that Plaintiff complied with the provisions of the Order to Show Cause insofar as responding to the Order. Accordingly, the Show Cause Order was rescinded. However, Plaintiff's response essentially does nothing more than restate the claims alleged against the Defendants in his Complaint. Plaintiff's response fails to specifically address the arguments contained in Defendants' motion to dismiss (Doc. 5). Therefore, the Court found it appropriate to afford Plaintiff one final opportunity to respond to Defendants' motion before considering the matter.

Accordingly, Plaintiff was granted an additional thirty days, i.e. no later than June 2, 2021, in which to file formal opposition to Defendants' motion to dismiss. (Doc. 5). Plaintiff was put on notice that no further extensions of time shall be granted. The Court also instructed that Plaintiff's failure to file opposition to Defendants' motion shall result in a Report and Recommendation to the District Judge that the Defendants' motion to dismiss be granted. (Doc. 8).

The time deadline set for in the Court order has passed with no responsive filing by Plaintiff. District courts have the power to sua sponte dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108,109 (6th Cir. 1991). Though plaintiff is proceeding pro se, as stated by the Supreme Court, "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Accordingly, it is herein **RECOMMENDED** that Defendants' motion to dismiss (Doc. 5) should be **GRANTED** for the reasons stated, or alternatively, that judgment be entered in Defendants' favor with prejudice based upon Plaintiff's failure to prosecute, and that this case be **CLOSED.**

    <u>s/Stephanie K. Bowman</u>
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER GLADDEN, | Case No. 1:20-cv-165 |
| Plaintiff, | |
| | McFarland, J. |
| vs. | Bowman, M.J. |
| FACEBOOK, *et al.*, | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4